IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PIERRE E. DAWSON,<br>Petitioner, | §<br>§<br>§ | |
| VS. | § | Civil Action No. 4:11-CV-892-Y |
| | § | |
| REBECCA TAMEZ, WARDEN,<br>FCI-FORT WORTH,<br>Respondent. | §<br>§<br>§ | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner, Pierre E. Dawson, Reg. No. 20863-424, is a federal prisoner incarcerated in FCI-Fort Worth in Fort Worth, Texas.

Respondent Rebecca Tamez is Warden of FCI-Fort Worth.

#### C. PROCEDURAL HISTORY

In 2004 petitioner was convicted of conspiracy to possess with intent to distribute cocaine and attempting to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, in the

United States District Court for the Northern District of Illinois, Chicago Division, and was sentenced to a term of 360 months for each offense, the sentences to run concurrently. *See United States v. Dawson*, U.S. Pacer, Criminal Docket for Case No. 1:02-CR-688-1, docket entry nos. 131, 164. Petitioner appealed his convictions and sought postconviction relief *via* one or more § 2255 motions, to no avail. *Id.* docket entry nos. 170, 188 and docket entries for 5/10/2007 & 2/24/2010. Petitioner filed this federal petition under § 2241 in this division, where he is currently incarcerated. The government has filed a response seeking dismissal of the petition for lack of jurisdiction. (Resp't Resp. at 2-5)

### D. Discussion

Petitioner raises five claims for habeas relief:

> "1)   Pierre Dawson has never been given the plain, claer [sic], and unambiguous interpretation of the law.
>
> 2)   The jury in this case did not perform their true charge fully, which is to decide questions of fact and return a verdict on all facts this caused prejudicial error and actual prejudice.
>
> 3)   The Constitutional Rights that are enumerated and enshrined in the United States Constitution have been reduced to nothing.
>
> 4)   Trial Counsel was ineffective, the performance of counsel was objectively unreasonable and the errors affected the outcomes of the trial.
>
> 5)   The axiomatic principle in a system of justice is that every individual is entitled to a fair trial – not a perfect one. The distance between the concepts of fair and perfect have been so great as to render the former meaningless."

(Pet. at 7)

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255 is the primary means under which a federal prisoner may collaterally attack the legality of a conviction or sentence. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 petition attacking a federal conviction or sentence may be considered if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, a petitioner must show that (1) his claim is based on a retroactively applicable Supreme Court decision, (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *Garland v.* Roy, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Petitioner fails to demonstrate that his claims are based on a retroactively applicable Supreme Court decision, that he was foreclosed by existing precedent from raising his claims at the time of his trial, appeal, or his first 2255 motion, or that he is actually innocent of the crimes of conviction. Having had an adequate and effective opportunity to assert the instant claims, petitioner may not proceed to do so under this court's § 2241 jurisdiction. Section 2255 is not inadequate or ineffective merely because the prisoner has filed a prior unsuccessful motion to vacate or is unable to meet the requirements for filing a second or successive motion to vacate. *Jeffers*, 253 F.3d at 830 (holding that prior unsuccessful § 2255 motion or the inability to meet the statute's second or successive requirement does not make § 2255 inadequate or ineffective); *Pack v. Yusuff,* 218 F.3d 448, 453 (5th Cir. 2000) (holding that prior, unsuccessful § 2255 motion, the limitations bar, and successiveness

3

do not render the § 2255 remedy inadequate or ineffective).

Petitioner has not made the showing required to invoke the savings clause of § 2255 as to the claims presented in this habeas corpus proceeding, and the court is therefore without jurisdiction to consider the petition. *See Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003).

## II. RECOMMENDATION

Based on the foregoing, it is recommended that the petition for writ of habeas corpus under § 2241 be dismissed for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 25, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until May 25, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May __4__, 2012.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE